## MARTHA C. BOWLES V. HESTER A. BRICE ET AL.

### (Case No. 2092.)

1. LIMITATION—ESTOPPEL—POSSESSION—A mother procured a conveyance of land to be made to her minor children, and, as their self-appointed agent, leased the land. *Held*, that the tenants were estopped to deny the validity of the lease, and that their possession would be construed to be the possession of the minors.

2. POSSESSION—LIMITATION—One who verbally contracts to purchase land from the owner, whose title is absolute, and who goes into possession under such verbal contract, becomes a tenant at the sufferance of him who holds the title, and his possession, until he receives the written conveyance, is that of his vendor. The principle that a party setting up the five years' statute of limitations must claim under a duly registered deed to himself, and not under an older deed in his chain of title, has no application to such a case.

3. DISTINGUISHED—This case distinguished from Medlin *v.* Wilkins, 60 Tex., 409.

4. LIMITATION—DEED—A deed which on its face purports to convey all the interest acquired by the vendor, under another deed of record therein referred to, and which deed thus referred to purports to convey title to the entire tract of land, is notice to the world, if duly registered, that the party in possession under it claims the entire land, and is sufficient, when accompanied by other requirements of the statute of limitation of five years, to give title thereunder.

5. CASES REVIEWED—Acklin *v.* Paschal, 48 Tex., 175, and Fry *v.* Baker, 59 Tex., 404, reviewed.

6. POSSESSION—CONSTRUCTIVE POSSESSION—One who leases for purposes of cultivation the improved portion of a tract of land to a tenant, and has no actual possession of that portion which is not improved, holds during the occupancy of the tenant, constructive possession of the entire tract.

7. DISTINGUISHED—This case is distinguished from Read *v.* Allen, 63 Tex., 154, and Texas Land Co. *v.* Williams, 51 Tex., 61.

8. PRACTICE IN SUPREME COURT—When, under the evidence, no other verdict could have been properly rendered except that returned by the jury, errors in the charge of the court are immaterial, and will not be considered on appeal.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

*Goodrich & Clarkson*, for appellants, on the proposition that: It is not sufficient that other deeds in his chain of title are duly recorded, and in this case Ivey occupied from the fall of 1877 to March 25, 1878, without any deed to himself, and such period cannot be estimated in computing the time of holding under duly recorded deeds, and breaks the continuity of the possession before and after said period, cited: Cook *v.* Dennis, 61 Tex., 248; Medlin *v.* Wilkins, 60 Tex., 409; Porter *v.* Chronister, 58 Tex., 53; Brownson *v.* Scanlan, 59 Tex., 222.

On the proposition that the court erred in refusing the special instructions asked by the plaintiff and marked Charge No. 3, wherein the court was asked to instruct in effect, "That the deed from Ivey to Thorp of April 2, 1877, is not such a deed as will support the right of the defendant under the five year's statute of limitation, and in con-

sidering the defendant's plea of limitation, under the statute, the defendant must show a possession under a deed or deeds duly recorded, and the payment of taxes for said period of five years, either before or after said deed. The time before the making of said deed and the time after making it cannot be added together, but the entire time must be either before or after," they cited: Acklin v. Paschal, 48 Tex., 175 ; Fry v. Baker, 59 Tex., 404.

On the proposition that the court erred in refusing the special charge asked by the plaintiff, marked Charge No. 4, wherein the court was asked to instruct the jury in effect, "That the defendant is not entitled to recover any part of the land sued for, except such part as the defendant, in person or by tenant, has, for the length of time prescribed by the statute of limitation, as to which you are instructed, had open, notorious and continuous possession, and in this case you are instructed that if you believe from the evidence that the defendants never, in person, occupied the land sued for, but placed tenants on part of the land, but said tenants did not have authority to hold for the defendants any part of the land outside of the enclosure of such tenants, and did not in fact, so hold or exercise the right of ownership for their landlords beyond said enclosure, but only occupied and claimed their enclosure, the defendants would have no right to any of said land outside of said enclosure; and you will find for the plaintiff all of the land sued for, unless the defendants have shown you what particular part was so actually occupied by said tenants for the time and under the circumstances required by law," they cited: Read v. Allen, 63 Tex., 154; Texas Land Co. v. Williams, 51 Tex., 61; Cunningham v. Frandtzen, 26 Tex., 34; Word v. Drouthett, 44 Tex., 368.

On the proposition that "the defendants, to make good their defense, under the statute of limitation, must show the bounds and extent of their possession, and when they show that, their possession is only of their actual enclosure, a less part than the whole land described in their deed, they have not completed their case until they have shown what particular part of the whole tract this enclosure is," they cited: Cunningham v. Frandtzen, 26 Tex., 38, 39.

*Read, Greer & Greer*, for appellees.

Gaines, Associate Justice.—This was an action of trespass to try title brought on by J. P. Bowles, the husband of appellant, against appellee. There was a verdict and judgment for defendants in the court below. It is conceded here, that appellants showed title to the land upon the trial, and was entitled to recover, unless appellees W.

T. Brice and E. L. Brice, had acquired title by the statute of limita-tions, either of five or ten years.

Appellees' chain of title was as follows :

1. A deed from P. M. Beal, by attorney in fact, to Z. P. Mize, dated April 3, 1872.

2. Deed by the sheriff of Navarro county to E. Z. Ivey, by virtue of an order of sale issued on a judgment against Mize's heirs, in favor of Gage, foreclosing vendor's lien for purchase money of the land, dated March 10, 1876.

3. A deed from Ivey to H. F. Thorp, dated April 2, 1887.

4. A deed from Thorp to Ivey, dated March 25, 1878.

5. Deed from Ivey to appellees, W. T. and E. L. Brice, dated August 3. 1880.

The facts proved in regard to the possession of the premises in controversy were substantially as follows : Mrs. Mize, the vendor of Z. P. Mize, was living upon the land in 1874, occupying a dwelling house and cultivating a farm of some twenty-five acres, which was all of the land then cleared, and so continued to occupy it until Ivey purchased it at the execution sale in March, 1876. Ivey then went into immediate possession, and rented it to tenants for cultivation, and continued so to hold it until he sold to Thorp, when Thorp took his place as landlord, the tenants continuing to occupy and cultivate the farm. In the fall of 1877, Thorp being unable to pay for the land agreed with Ivey to rescind the sale, when Ivey again took charge and collected the rents for the year. Thorp did not reconvey to him by deed until the spring of 1878. He, however, continued to hold the land by tenants, until he conveyed to W. T. and E. L. Brice, in 1880. After this, appellee, Hester A. Brice, the mother of W. T. and E. L. Brice (they being minors), continued to rent the land for them until the trial of the cause. During a part of this time Thorp, who was her son-in-law, supervised the renting of the property, acting for her and them. It was also proved, that during the time the land was rented by Ivey, and also during the time it was let after his sale to the Brices, the tenants occupied only the improved part, and had no authority or control over the balance. Ivey during his occupancy cleared some additional land, making in all some forty-five or fifty acres in cultivation. Ivey and Mrs. Hester A. Brice, were the only witnesses who testified in the case, and in so far as they testified about the same facts, their testimony was in substance the same. The testimony as stated was uncontroverted. It was also proved that from the time of the sheriff's sale until the filing of the amended petition, the taxes on the land had been regularly paid.

This suit was originally brought in June, 1881, against Mrs. Hester A. Brice alone. The record shows no original answer by her; but it is to be presumed, that one was filed, because on December 14, 1885, she filed an amended original answer purporting to be in lieu of an original answer filed by her on July 6, 1881, and disclaimed all interest in the land in controversy. On the same day W. T. Brice and E. L. Brice, appeared and made themselves parties defendant and answered, pleading among other things, the statute of limitations of five and ten years. Plaintiff then amended making Hester A. Brice, W. T. Brice and E. L. Brice, all parties defendant. The original plaintiff having died, appellant, as his surviving widow, appeared and made herself the party plaintiff.

The first assignment of error is as follows : "The court erred in the charge to the jury wherein the court instructs the jury that the adverse continuous possession of said land by the defendants for five years under deeds duly registered, or for ten years without deeds, entitle the defendants to a verdict, and the court erred in refusing the special instructions asked by the plaintiff, marked Charge No. 1, wherein the court is asked to instruct the jury in effect: 'That if the defendants were not themselves living on the land on June 17, 1881, (the date when H. H. Brice was sued), but were living with their mother, Mrs. H. A. Brice, and that she, Mrs. H. A. Brice, was managing, controlling and renting out said land, and superintending its cultivation and collecting its rents and proceeds in person or by agent, and had under her supervision, said minor children, then no payment of taxes or occupation of said land after June 17, 1881, shall be computed in passing on the defendant's pleas of limitation, but in such event the jury will find for the plaintiff, if they believe from the evidence that E. Z. Ivey occupied for himself from the fall of 1877 to March, 1878.'"

It is not understood, that this assignment is intended as an objection to the charge of the court, or that it purports ro recite the proposition in full submitted by it. If such be its purport, the record does not sustain it. The proposition made under the assignment, however, raises the point, that Mrs. Brice having rented and controlled the land from the time of the conveyance from Ivey to her children up to the date of the suit against her, she was in possession at that date, and the bringing of the suit against her alone, stopped the running of the statute of limitations at that time. If she had been the grantee under the Ivey deed, or the tenant of her children, the proposition would doubtless be correct. But she was neither the one or the other. The evidence shows, that she procured the conveyance to be made to her children; this is presumed an advancement to them, and makes what-

ever title was conveyed by the deed their property. They were minors of tender years and living with her. Because she let the lands to tenants for their benefit, does not make her their tenant; and she was never in actual occupancy herself. Acting as their self appointed agent and as their natural guardian, the control and management of the property gave her no constructive possession. On the contrary, we think that the tenants would be estopped to deny the agency or the validity of the lease though made for minors; and that their possession would be construed to be the possession of the children. (See Tyler on Infancy and Covertness 54.) Hence we conclude that the court did not err in refusing to give the special instruction requested as shown in the assignment of error under consideration. Another objection to this charge requested, is that it contains another proposition to which we cannot assent. The question upon this is also raised in the second assignment of error, which is as follows:

"The court erred in refusing the special instruction asked by the plaintiff, marked Charge No. 1, wherein the court is asked to instruct the jury in effect:

"That all of the pre-requisites of the five years statute must concur. That on the second day of April, 1877, E. Z. Ivey, one of the defendant's vendors, conveyed the land sued for to H. F. Thorp, and Thorp conveyed to Ivey, March 25, 1878; and if the jury believe from the evidence that from the fall of 1877 until March 25, 1878, Ivey occupied said land, claiming for himself, you will find against the defendants on their plea of five years limitation, for such occupation of said land would break the continuity of such possession under duly recorded deeds."

The proposition in substance is, that if the fact be that Ivey agreed to a rescission of the sale to Thorp and went into possession under this agreement without a recorded deed from Thorp to himself, this interrupted the running of the statute of limitations of five years. We do not think the proposition correct. The deed, as shown by the record, does not retain a lien for the purchase money and is an executed contract of conveyance, not to be rescinded by a parol agreement. So that when Ivey took possession under the verbal contract with Thorp, his holding was in the nature of a tenancy at sufferance and his possession was Thorp's. Wood on Landlord and Tenant, p, 9, and notes 14–30. The principle decided in Medlin v. Wilkins, 60 Tex., 409, and other cases cited by appellant, that a party setting up the five years statute of limitations must claim under a duly registered deed to himself and not under an older deed in his chain of title, has no application to the facts of this case.

The third assignment of error complains that the court erred in refusing to give an instruction asked by appellant, to the effect, "That the deed from Ivey to Thorp, of April 2, 1877, is not such a deed as will support the right of the defendant under the five year's statute of limitation; and in considering the defendant's plea of limitation under the statute, the defendant must show a possession under a deed or deeds duly recorded, and the payment of taxes for said period of five years, either before or after said deed. The time before the making of said deed, and the time after making it, cannot be added together, but the entire time must be either before or after."

Under this assignment the following proposition is submitted: "A deed to support a right under the five year's statute of limitation must be a deed conveying or purporting to convey *the land*, and not purporting to convey a *mere interest* that the grantor had acquired from some other source."

The cases of Acklin v. Paschal, 48 Tex., 175, and Fry v. Baker, 59 Tex., 404, cited in support of this doctrine do not sustain it. The latter simply decides that a deed made by one who was a married woman at the time, (there being nothing on its face to show the fact), would support the plea of five years statute of limitation, though she was not joined by her husband. The decision in Acklin v. Paschal is, that a party claiming the protection of that statute under a deed conveying "the interest" of the grantor in the land, can only hold the interest owned by such grantor at the time of the conveyance. In the opinion the court say: "We are clearly of opinion, that the deed from Barrow to Paschal was not such a deed as the statute contemplates. It is not a deed to the land, but only to such right, title and interest as Barrow had before acquired from Cocke. That interest we have seen, (and the deed showing the fact was of record in Bexar county), was only one-fourth. Barrow's deed does not purport to convey the land, but only an interest in it, and that interest, it appears in the conveyance referred to in the deed, was only one-fourth." * * * "Evidently such a deed to an undivided interest, will not, under the statute, protect the grantee beyond the interest it, on its face, purports to convey. Such a deed gives notice that the party in possession claims the undivided interest therein which the deed conveys, but is not notice that he claims the whole." The opinion nowhere intimates that if the deed referred to in the conveyance from Barrow to Paschal had conveyed the entire interest to the latter, Paschal's deed would not have supported the plea. The conveyance in question in the case before us, transfers all the interest acquired by the grantor under the deed of the sheriff to him. By reference to the latter, which the evidence shows was of record in

the county, it is seen that this was the entire interest in the land. Such a deed, we think, is notice to the world that the party in possession under it claims the whole land, and if duly registered, is sufficient when accompanied by the other requirements of the statute of limitations of five years, to give title thereunder.

The fourth assignment is, that the court erred in refusing a special instruction asked by appellant to the effect, that if the tenants through whom appellees and those under whom they claimed, held possession and occupied only the cultivated land, and their lease included no part of the land but this, then possession of appellees extended only to the part of the premises so occupied; and that if they had not shown what particular part was so occupied the jury would find for plaintiff.

The question is, must the possession in this case be restricted to the portion of the premises actually occupied by the tenants. It is held in Read v. Allen, 63 Tex., 154, and in Texas Land Co. v. Williams, 51 Tex., 61, that when a party claiming land leases by written contracts specific parts of it, describing them by metes and bounds, his possession through his lessees extends only to the parcels so defined. This is in accordance with the principle laid down in Cunningham v. Frandtzen, 26 Tex., 34, that where one in possession of a tract of land sells the portion actually occupied by him, his constructive possession which before existed as to the remainder, immediately determines. But we consider, that we have a different case before us. Shall a party who lets to tenants for the purpose of cultivation, the improved part of a tract of land, be deemed to have lost his constructive possession of the portion which is unimproved? We think not. He applies the property to the only use of which it is susceptible, and should be deemed as exercising ownership over the whole tract as fully as if he were in possession of the improved portion, cultivating it himself. It is true that the witnesses state, that the tenants in this case had no right or authority over the land not in cultivation.

This is ordinarily the case in the farming out of agricultural lands. A tenant who leases of one claiming a house and lot in a city, a room in such house, does not usually have any dominion over other parts of the property, though unoccupied. Yet is it to be held, that the landlord's possession is restricted to the room so leased? This question must be answered in the negative. No arbitrary rule can be laid down in this class of cases; and we conclude that in a case like the present, the possession of the landlord should be construed to be co-extensive with the boundaries of his deed.

The fifth assignment of error complains, that the court erred in the qualification added to the special charge given at the request of plain-

tiff.   The charge asked and given, instructed the jury in effect, that in computing the time necessary to make the bar of the statute, the year succeeding the death of J. P. Bowles, plaintiff's deceased husband, was not to be counted; or if counted, six and eleven years, respectively, would be necessary to complete the bar.   The court added the qualification, that if the bar of the statute of five years was completed before the death of Bowles, then his death would not affect the question of limitation.   This was a correct proposition of law, and, under the principles laid down in this opinion, was applicable to the facts so far as the statute of limitations of ten years was concerned.   If the deed from Ivey to appellees, W. T. Brice and E. L. Brice, made in 1880, was not duly recorded, then a charge as to the five years statute may have been abstract.   But the testimony in the case shows beyond cavil, that the land was held adversely by appellees, named above, and those under whom they claimed from February, 1874, until they became parties to the suit in December, 1885, a period of more than eleven years.   Hence, if a verdict had been rendered for appellant under this evidence, it would have been set aside.   No other verdict could properly have been rendered by the jury, except one for appellees.   In such a case, a judgment will not be reversed, because erroneous instructions may have been given.   The error can work no prejudice to the party complaining of it, and it is immaterial.   Erwin *v.* Bowman, 51 Tex., 513; Railway Company *v.* Delahunty, 53 Tex., 206; De Montel *v.* Speed, 53 Tex., 339; Galveston *v* Morton, 58 Tex., 409; Dotson *v.* Moss, 58 Tex., 152; Gaston *v.* Dashiell, 55 Tex., 508; James *v.* Thompson, 14 Tex., 465; Cook *v.* Wooters, 42 Tex., 296.

This also disposes of appellant's sixth assignment of error, and renders it unnecessary for us to decide the question raised in it as to the sufficiency of the certificate of acknowledgment of the Ivey deed to admit it to record.   The objection is, that the officer taking the acknowledgment does not certify that the party who appeared before him was known, or was proved to be the person who subscribed the conveyance.   The question is a grave one, and we are unwilling to determine it, until called on to do so in a proper case.

We find no error in the judgment, and it is affirmed.

                                                    AFFIRMED.

[Opinion delivered November 16, 1886.]