G. E. ELY v. SAN ANTONIO AND ARANSAS PASS RAILWAY CO.

Delivered March 11, 1897.

**Master and Servant—Assumed Risk—Coupling Cars.**

Where a servant engaged in coupling cars saw a projecting rail on the approaching car, and yet continued to attempt to couple them, it was held that he assumed the risk of the situation; and this without reference to whether he fully realized the danger due to the facts that the rail was placed diagonally upon the car, and that the car was defectively constructed.

APPEAL from DeWitt. Tried below before Hon. S. F. GRIMES.

*Price & Green* and *Rud. Kleberg*, for appellant.

*Proctors*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant was in the service of the appellee as car coupler in its yard in the town of Yoakum, and this suit was brought to recover damages for personal injuries received by appellant while in the discharge of his duties, through an alleged negligence of his employer. The defendant demurred generally and specially to the petition, and all of the demurrers were sustained, and plaintiff declining to amend his petition, his suit was dismissed; and from that judgment appealed to this court.

The substance of the petition is thus given by appellant in his statement under his seventh and eighth assignments of error. In plaintiff's original petition he complains of appellee, and represents that he resides in the county of Lavaca, and State of Texas, and that "defendant is a corporation duly incorporated under the laws of this State, owns and operates a railroad which extends into and through the county of DeWitt, in which county, at the city of Cuero, it has a business office, and is represented by a local agent. Plaintiff alleges that on, to-wit, April 14, 1895, he was in the employ of the defendant as switchman in the railroad yard in the city of Yoakum, Texas, and while engaged, in Lavaca County, part of said yard, in the actual and ordinary discharge of his duties he received, without fault or negligence on his part, the following hurts and injuries, all of which are serious and many of which are permanent. (Appellant specifically alleges said injuries.) The said hurts and injuries were received under the following circumstances: Plaintiff was attempting to couple an empty flat car to a flat car loaded with iron rails, said loaded flat car being then and there pushed by an engine toward said empty flat car which was one of five cars coupled together, the furtherest one of which from plaintiff was locked by having its brakes set; that a rail was obliquely projecting about four or six feet over and beyond the front end of said loaded car; that plaintiff stood with said stationary car, and prepared to make said coupling; that said projecting rail struck the end of

the bed of said stationary flat car, and as said engine pushed said loaded car nearer to the said flat car, said rail gently slided back, or rather said rail remained stationary and permitted said flat car to approach nearer; that when said loaded car had moved up so that the rear end of said rail was a few inches further back in said car than it was before its front end struck said empty flat car, said rear end of said rail struck a stake or standard in the side of the said loaded car which momentarily checked the approach of said loaded car, whereupon said stake broke and the empty flat car rebounded violently and suddenly towards plaintiff, and at the same time said loaded flat car was propelled suddenly and violently toward plaintiff and said drawheads of said two flat cars came together with such a terrible and sudden jar and force that plaintiff's right hand and the fingers and thumb thereof, and his right arm, were caught between said drawheads and were crushed, mangled and injured as before set out; that the end of the said flat car over which said rail was obliquely projecting was about three or four inches lower than the end of said stationary flat car, to which plaintiff was attempting to make the said coupling, and that said difference in height was not known to plaintiff and was not great enough to be noticeable to plaintiff at said time, plaintiff's attention being necessarily occupied in attempting to make said coupling; that if the said two flat cars had been of the same height the projection of the said iron rail would have gently slided over the bed of the said empty flat car; that said loaded flat car was at said time and place carelessly and negligently loaded in having said projecting rail placed obliquely upon the bed of said car, whereas said rail as well as all of said rails should have been placed straight, so that the ends of none of them would have come in contact with the stakes of said car; that said rail's uneven and oblique position upon said flat car caused said rail's rear end to strike against said stake, which broke, and thereupon came the sudden and violent rebounding of said car and the coming together of the two drawheads, whereby plaintiff was injured; that the plaintiff did not discover that said projecting rail was obliquely projecting until after he had received said hurts and injuries, but that same appeared to plaintiff to be lying straight upon and even with the bed of said car, and to be projecting straight and not obliquely; that all the time he was trying to make said coupling he acted in a careful and prudent manner, and he would not have received said hurts and injuries if the said ends of the said two cars which plaintiff was trying to couple together had been of the same height, as they ought to have been, in which case the projection of the said iron rail would have gently slided over and along the bed of the said empty flat car, and thus permitted said cars to slowly come together and be coupled,—and if said car of iron rails had been properly loaded at said time and place as it should have been; that defendant's having, using and permitting to be used said loaded flat car with its end about three or four inches lower than the end of said empty flat car to which plaintiff was trying to couple it, was negligence on the part of the defendant; that said loaded flat

car was not a reasonably safe car, but was dangerous for a switchman to work with, and same was known to defendant or could have been known by the exercise of ordinary care; that defendant's having and permitting said loaded flat car to be and remain loaded in such a negligent, improper and dangerous manner, as the same was then and there loaded, was negligence on the part of the defendant; that defendant knew of the negligent and improper condition of said iron rail on said loaded flat car or could have known it by the use of ordinary care.

Plaintiff avers that he did not discover either of said defects, to-wit, the improper and negligent loading of said car, or the dangerous condition of said car, until after he had received said hurts and injuries, and that he at all times acted as a safe and prudent switchman, with due regard to his own safety, and in the usual discharge of a duty belonging to his employment; that defendant at said date had inspectors at said city of Yoakum whose duty it was to inspect all cars in said railway yard, and send to its repair shop in said city all defective or dangerous cars for repair, and inspect all loaded cars, and if they were found improperly, negligently or dangerously loaded, to take proper steps to remedy and repair same; that when switchmen in coming to their regular work in said yard found cars to be coupled on to, switched, and made up into trains, they had a right to presume that said cars had been carefully inspected and were in a reasonably proper condition in every respect to be worked with; that plaintiff had just come on duty a short while before he received his injuries on said day, and that said two flat cars, as well as others, had been designated to plaintiff and his fellow switchmen to be coupled on to and made into trains, and that plaintiff had a right to rely on, and did rely upon, the presumption that the said inspectors had done their duty in the inspection of said cars; that said inspectors had either failed to properly inspect said loaded flat car or had failed to have its defect remedied after its inspection; that the defects in said loaded flat car were of such a nature, to-wit, its dangerous and improper loading and its extraordinary low end, as that said inspectors should have discovered and remedied said defects, and their failure to do so was negligence which proximately caused plaintiff's hurts and injuries, and that defendant is liable to plaintiff therefor; that defendant was also negligent in permitting its servants and employes to push down said loaded flat car in its dangerous and improper condition to be coupled by plaintiff, and if defendant or defendant's employes in charge of said engine engaged in pushing said flat car did not know of the dangerous manner in which it was loaded, they could have known of same by the use of ordinary care; that plaintiff suffered great and excruciating pain and anguish by reason of his said hurts and injuries; that many of them still pain him and will continue to pain him as long as he lives; that he is now between 32 and 33 years of age, and at the time when he received said hurts and injuries was a strong, robust, and healthy man, and a skillful switchman, with eight years experience; that he was capable of earning and was earning at said time between $75 and $80

per month; that his earning capacity would have been greatly increased had he not received said hurts and injuries, but that now, by reason of said hurts and injuries, all caused by the negligence of defendant, its agents and employes, the usefulness of plaintiff's right hand and arm is almost entirely gone and destroyed, and that he will never again be able to perform hard work; that his earning capacity has been greatly lessened, and does not now amount to scarcely anything, and will never amount to more than $20 per month, by reason of the severity and permanency of his said injuries; and that by reason of said pain and suffering, hurts and injuries, and decreased capacity to earn money for the remainder of his life, all caused by defendant's carelessness and negligence aforesaid, plaintiff has been damaged as aforesaid by defendant in the sum of $15,000.

The first special exception is: "The petition shows that plaintiff was injured by an assumed peril and risk of his employment;" and the third special exception to the petition is: "The petition shows an injury caused by patent defect and a risk open to observation.". The petition asserts that the plaintiff was injured from concurrent causes, to-wit, the improper loading of one car, and the difference between the heights of the two cars.

Under the first exception, counsel for appellee makes this proposition: "An experienced switchman assumes such a peril in coupling cars, in the day time, of uneven heights and with projecting loads," and this proposition seems to be sustained by the authorities cited by appellee. Am. & Eng. Ency., Law, pages 417, 420, 425, under heads "Coupling Cars," "Uneven Heights of Cars," and "Projecting Loads," and the adjudicated cases therein cited.

But it is not necessary to decide whether the proposition submitted under this exception of appellee be correct or not, for the proper disposition of this case. The rule is well established by numerous decisions of the Supreme and appellate courts of this State, that the employe of a railway cannot recover of his employer damages for injuries sustained by the employe while performing the services for which he has contracted, when the injuries are caused by a defect in an implement furnished the employe, or a defect in the railroad, or in a car, or by any negligent act or omission on the part of the employer, if such defect or negligence is patent and open to the observation of the employe. Railway v. Bradford, 66 Texas, 726; Railway v. Williams, 72 Texas, 159; Railway v. Somers, 78 Texas, 452; Railway v. French, 86 Texas, 96; and Railway v. Wood, 35 S. W. Rep., 879.

This rule, like others, has its exceptions, but this case does not fall within any of them. When an employe is injured under such circumstances, the law imputes to him an assumption of the increased risk or peril which confronts him by reason of the defect or the negligent act or omission which causes his injuries; and this it does whether the employe fully realizes his danger or not. Nor is any inquiry permitted as to whether the party injured acted as one of ordinary prudence would

have acted under like circumstances. The question of contributory negligence is excluded, and the party injured is held by the law to have taken the risk voluntarily, with knowledge of the probable consequence to him.

It is manifest from the petition that the defendant saw the projecting rail, and that but for this projection he would not have been hurt. It may be true, as the petition avers, that the projecting rail was placed diagonally upon the floor of the car, and not placed parallel, as it should have been, with the sides of the car; and it may be true that plaintiff did not discover that the two cars were of unequal height; and it may be also true that this inequality in the cars, and the manner in which the projecting rail was placed upon the car, may have combined with the projection of the rail to produce plaintiff's injuries. Yet we are of the opinion that the plaintiff, by continuing to attempt to couple the cars, after he saw the projection of the rail, took all the risks of the situation.

The third exception, then, pointed to a fatal defect in the petition, one which the general exception reached; and the plaintiff declining to amend, the court did not err in dismissing his suit. The contention of the appellant's counsel that the petition presented a cause of action cannot, in our judgment, be maintained in the face of the several decisions cited above. It is true, as counsel insist, that recoveries have been had for injuries resulting from defective cars and from projecting timbers and irons, but, with all deference, we must say that this case comes within the rule we have been discussing, and there is no alternative but to affirm the judgment.

The judgment is affirmed.                                    *Affirmed.*