## Smallhouse v. Keller.

(Decided February 21, 1911.)

### Appeal from Warren Circuit Court.

Lease—Forfeiture—Means to Prevent.—Where there is nothing in a writing requiring a party to use his own means to prevent a forfeiture of a mining lease in which other parties are equally interested, he is not legally bound to use his means to prevent a forfeiture thereof.

W. B. GAINES and THOS. W. THOMAS for appellant.

SIMS & RODES and C. C. DULANEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

It appears from the record that in the early part of 1907 and prior thereto, appellant and appellee resided in Carterville, Missouri. Appellant was president of an ice manufacturing establishment, and appellee was a deliverer of ice. It seems that the ice company charged appellee with the ice he received and he would afterwards settle with the company therefor. It further appears that W. H. Allen, C. L. Bryant, Wm. Everett and appellee took a mining lease near Carterville, Jasper county, on twenty acres of land and sub-let it to others to do the mining under certain conditions. Appellee owned a one-fifth interest. Appellant was, in some way, informed that appellee owned an interest in the lease, and he began to negotiate with appellee for the purchase of it and they finally reached an agreement to the effect that Smallhouse, appellant, was to become the purchaser of one-half of appellee's interest at the price of

$3,000.00. This was a verbal agreement and matters moved along under it, each owning one-tenth interest in the lease, until December, 31, 1907, when a settlement was made between appellant and appellee. It appears that at the time of the settlement appellee owed the ice company, of which Smallhouse was president, $725.00 for ice which they deducted from the amount Smallhouse had agreed to pay appellee for a one-tenth interest in the lease, and the note upon which this action was instituted, was executed for the balance of the purchase price.

Appellant claims that appellee deceived him in the trade; that appellee represented that all the provisions in the lease had been fulfilled; that the mine was in full operation, and that he had kept concealed from him certain provisions in the lease which if not complied with would forfeit it and that their failure to comply with these provisions had caused a forfeiture of the lease. The record shows that at the time the agreement was made both of the parties resided in Missouri; that appellant investigated and had every opportunity to ascertain the true situation, and it is evident that appellee did not deceive him in any particular. Appellant received royalties from the mining property from the time he became interested in it until it was forfeited, as hereinafter explained, amounting to two or three hundred dollars. The parties named took the lease from one J. W. Burch, and it has been of record since August, 1906. By the terms of the lease the lessees were required, among other things, to furnish on the lease a pair of scales with which to weigh the mineral and to also erect an office thereon. These things were never done. W. H. Allen was manager of the lease at the time the trade was made until near the time when the forfeiture took place, but two or three weeks before the forfeiture Keller and Smallhouse, possibly one or two of the others, made an effort to supplant Allen with appellee, Keller, and each of them gave Keller a writing. We copy the one executed by Smallhouse:

"I hereby authorize H. H. Keller to act for me and represent my one-tenth interest in the lease of Allen & Co. on 20 acres of the Burch land in the Duenweg District until the first day of Jan'y, 1909."

It appears that the other writings were in substance the same as this one. Appellee undertook to look after

the mines but never at any time had full control. Allen, the previous manager, had only $42.00 in the bank of the company's money and that was to his credit as manager and he would not transfer it to the credit of Keller nor draw a check for the benefit of the company. The company had no other means except the lease and appellee could not erect the office and furnish the scales nor do anything required by the terms of the lease, without furnishing the money himself, and this he refused to do, as the others would not contribute their part. Consequently Burch gave notice of the forfeiture in the latter part of 1908. He gave the notice to all the parties named, Smallhouse included, but it seems that he never received his until after the forfeiture. As soon as Smallhouse gave the above copied writing to Keller he left for Texas where he remained for a while and then went to Bowling Green, Kentucky, where he has since resided. Keller tried to find him while he was in Texas by both letter and telephone but could not.

Appellant pleads a counter-claim of $3,000.00 damages occasioned, as he alleges, by the negligence of Keller in suffering the forfeiture of the lease. He claims that Keller should have put the money up to comply with the terms of the lease and thereby avoid the forfeiture and the loss of his interest. It appears that Keller, during the two or three weeks he had charge of the leased property, did everything he could to prevent the forfeiture, except to use his individual means to carry out the terms of the lease. It appears that Smallhouse, Keller and one of the others agreed to put up their part of the money which was necessary, but the others refused to do so. These three appeared anxious to prevent the lease from being forfeited, but the others refused to put any of their individual means into it.

The only question to be determined is whether the writing referred to bound Keller to use his own means to prevent the forfeiture. There is nothing in the record requiring him to do that. The writing gave him authority to look after and represent Smallhouse's interest, but there is nothing in it requiring him to put up any money for Smallhouse or any of the others interested in it. Nor did the law, on account of his position, require him to use his individual means to protect the lease for all concerned.

For these reasons, the judgment of the lower court is affirmed.