## FIRST STATE BANK OF OVALO v. OVALO WAREHOUSE ASS'N et al.  (No. 1602.)*

(Court of Civil Appeals of Texas. El Paso. June 25, 1925. Rehearing Denied Oct. 29, 1925.)

**1. Bills and notes ⬡243—One signing name on back by indorsement in blank before delivery liable as indorser.**

Under Negotiable Instruments Act, § 17, subd. 6, and sections 63, 64 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—17, 6001—63, 6001—64), one signing name on back of note by indorsement in blank before delivery is not primarily liable as original promisor, but is liable as indorser.

**2. Bills and notes ⬡223—Indorser's contract separate and distinct, and obligation to pay conditional and purely secondary.**

Indorser's contract is separate and distinct, and his engagement to pay note, under Negotiable Instruments Act, § 66 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—66), conditional and purely secondary.

**3. Bills and notes ⬡232—Indorsers not relieved from personal liability on corporation's note merely by adding word "directors" before their signatures.**

Under Negotiable Instruments Act, §§ 20, 44 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—20, 6001—44), indorsers of corporation's note did not relieve themselves of personal liability merely by adding word "directors" before their signatures, as such indorsement did not disclose their principal and was not made in such terms as to negative personal liability, even if they had been obligated to indorse in representative capacity.

**4. Bills and notes ⬡469—Petition not alleging notice of dishonor to indorsers, waiver thereof, or other excuse, subject to general demurrer.**

Under Negotiable Instruments Act, §§ 66, 89 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—66, 6001—89), petition not alleging notice of dishonor to indorsers sued on note, or that such notice was waived or otherwise excused, is

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 6, 1926.

subject to general demurrer for want of essential allegations.

**5. Bills and notes ⊛⟶254—Bringing suit to first term after maturity of note insufficient to fix indorsers' liability.**

That suit on note against maker and indorsers was brought to first term of court after maturity of note was insufficient to fix indorsers' liability; Rev. St. 1911, art. 579, having been repealed by Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001 —197).

**6. Appeal and error ⊛⟶889(3)—Judgment cannot be affirmed for want of essential allegations in petition, if essential facts were proved.**

Judgment for indorsers sued on note cannot be affirmed, merely because petition is subject to general demurrer for want of allegations that notice of dishonor was given to indorsers, waived, or otherwise excused, if evidence showed such facts, as plaintiff could amend petition.

**7. Appeal and error ⊛⟶1040(13)—Judgment for indorsers affirmed despite errors in overruling exception to, and admitting evidence in support of, answer, in absence of evidence fixing secondary liability.**

In absence of evidence that notice of dishonor was given indorsers sued on corporation's note, or was waived or otherwise excused, as required under Negotiable Instruments Act, §§ 66, 89 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—66, 6001—89), to fix indorsers' secondary liability, errors in overruling exception to, and admitting evidence in support of, special answer that indorsers signed in representative capacity as directors of corporation, and in refusing peremptory instruction against them, are harmless, and judgment should be affirmed, as no other judgment could have been properly rendered.

### On Rehearing.

**8. Appeal and error ⊛⟶854(2), 1052(8)—Judgment affirmed, despite erroneous admission of evidence, if evidence properly admitted admits of no other judgment.**

When evidence admits of no other judgment than that rendered, or court should have rendered same judgment by different process of reasoning, judgment will be affirmed, notwithstanding erroneous admission of evidence or wrong conclusion of court.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the First State Bank of Ovalo against the Ovalo Warehouse Association, J. H. Moody, and others. From judgment for defendants Moody and others, plaintiff appeals. Affirmed.

Stinson, Coombes & Brooks, of Abilene, for appellant.

J. W. Moffett and Dallas Scarborough, both of Abilene, for appellees.

HIGGINS, J. Appellant brought this suit against the Ovalo Warehouse Association and the appellees J. H. Moody, J. A. Martin, J. A. Cumby, and S. F. Gladden upon a negotiable note in the principal sum of $2,329 to the order of appellant; the note and indorsement thereon being copied in the petition. The note is in the usual form, and signed "Ovalo Warehouse Association, J. A. Cumby, Pres., J. A. Martin, Sec." On the back thereof appears the following indorsement: "Directors: J. H. Moody. J. A. Martin. J. A. Cumby. S. F. Gladden."

The suit was to the first term of court after maturity of the note. The petition alleges that by their signatures upon the back of the note Moody, Martin, Cumby, and Gladden became liable with the association as joint makers, but, if the plaintiff was mistaken in its allegation that they were joint makers with the association, they were nevertheless liable on the note because they indorsed the same before delivery.

The association did not answer. The appellees answered by a general denial and special plea, setting up that the Ovalo Warehouse Association is a corporation; that they are its directors, and in the execution of the note they acted as directors of the corporation and not as individuals; that they received nothing from the transaction; the credit was extended to the corporation and not to them; and it was agreed between them and plaintiff at the time the note was signed that they were not to be personally liable thereon, but the corporation only; and that they signed simply in a representative capacity.

To the special answer the plaintiff excepted upon the ground that it was an attempt to vary and contradict the terms of a written contract without sufficient pleading to authorize the same. The exception was overruled, and upon trial evidence in support of the answer was admitted over the plaintiff's objection.

Upon special issues the jury found: First, that the defendants signed the note with the understanding that they were not to be personally liable thereon; second, the plaintiff accepted the note knowing of such understanding. Upon these findings judgment was rendered against the association and in favor of the individual defendants.

Error is assigned to the overruling of the plaintiff's exception to the special answer; to the admission of evidence in support of such answer; and to the refusal of a peremptory instruction to find against Moody, Martin, Cumby, and Gladden.

[1] Prior to the adoption of the Uniform Negotiable Instruments Act the rule in this state was that a third person who signs his name upon the back of a promissory note, by indorsement in blank before delivery was regarded as an original promisor and primarily liable upon the note. But this has been changed by the Negotiable Instruments Act

---

⊛⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197). It has been so held by the Texarkana Court of Civil Appeals, and such person is now held to be liable as an indorser. Waters v. Bank (Tex. Civ. App.) 261 S. W. 153. So far as we are advised, this ruling is in harmony with the decisions in every state where the act has been adopted and the question has arisen. This seems to be clearly correct, in view of section 17, subdivision 6, and sections 63 and 64, of the act (Vernon's Ann. Civ. St. Supp. arts. 6001—17, 6001—63, 6001—64). It thus follows that the contract evidenced by the signatures upon the back of the note in question is that of an indorser.

[2] The contract of indorsement is separate and distinct. First Nat. Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096. An indorser without qualification impliedly warrants certain matters and things, "and, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it." Section 66, N. I. A. (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—66). His engagement to pay is conditional and purely secondary.

[3] We need not inquire as to the right of appellees under the decisions prior to the Negotiable Instruments Act to show that they were signing in a representative capacity, and did not bind themselves personally. It may be under the former decisions the word "directors" preceding their signatures authorized proof of the defense specially pleaded by them, although we incline to the view that this phase of the case is governed by the ruling in Marx v. Luling, etc., 17 Tex. Civ. App. 408, 43 S. W. 596, which is adverse to their contention. However that may be, under sections 20 and 44 of the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—20, 6001—44), it was not permissible for them to show that they made the contract of indorsement in a representative capacity and thus relieve themselves from personal liability. Section 20 reads:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

There is nothing to disclose the principal in the contract of indorsement, and under section 20 the mere addition of the word "directors" does not exempt appellees from personal liability upon that contract.

Section 44 reads:

"Where any person is under obligation to indorse in a representative capacity, he may indorse in such terms as to negative personal liability."

This section has no application, because appellees were under no obligation to indorse in a representative capacity. But, if this section be applicable, appellees can claim no benefit therefrom, because they did not indorse in such terms as to negative personal liability. It therefore follows that the plaintiff's exception to the special defense interposed and the objection to the admission of evidence in support thereof should have been sustained, but, for the reason to be now stated, the error is not reversible.

[4, 5] With certain exceptions which have no present application, notice of dishonor of a negotiable instrument must be given to each indorser. Any indorser to whom such notice is not given is discharged. Sections 66 and 89, N. I. A. (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—66, 6001—89). The petition herein upon its face discloses that the only liability upon the part of the appellees is that of indorsers. Notice of dishonor to them is not alleged, nor that it was waived or otherwise excused. The petition as against appellees is subject to general demurrer for the want of these essential allegations. While the suit was brought to the first term of court, this was insufficient to fix the liability of the indorsers under the recent holding of the Commission of Appeals in First National Bank of Giddings v. Lee Co. Cotton Oil Co., 274 S. W. 127, not yet [officially] reported, wherein it was held that article 579, R. S. 1911, had been repealed by the Negotiable Instruments Act.

[6] But the judgment cannot be affirmed simply because the petition is subject to a general demurrer. That would deprive appellant of the right to amend, and, had the evidence adduced upon the trial shown that notice of dishonor had been given appellees, waived, or otherwise excused, then the judgment should be reversed for the errors indicated. Jiron v. Jiron, 142 Ky. 432, 136 S. W. 493; Mullaly v. Ivory (Tex. Civ. App.) 30 S. W. 258; Gerhart v. Harris Co. (Tex. Civ. App.) 244 S. W. 1103.

[7] Upon the trial no such evidence was offered. The evidence thus fails to show that the secondary liability of the appellees as indorsers was fixed, and they were therefore discharged. Sections 66 and 89, N. I. A.; First Nat. Bank v. Lee Co. Cotton Oil Co.; and Waters v. Bank, supra.

In this state of the evidence no other judgment could have been properly rendered except for the appellees, and the errors complained of are harmless. Railway v. Uribe, 85 Tex. 386, 20 S. W. 153; Bowles v. Brice, 66 Tex. 724, 2 S. W. 729; Worthington v. Wade, 8 Tex. 26, 17 S. W. 520.

The court should have given a peremptory instruction in favor of appellees because of

insufficiency of the evidence to show that their liability as indorsers had been fixed as required by law.

In the state of the evidence the errors committed upon the trial were not prejudicial, for which reason the judgment should be affirmed. Johnson v. Blount, 48 Tex. 38; Midland, etc., v. Midland, etc. (Tex. Civ. App.) 216 S. W. 627.

. Affirmed.

PELPHREY, C. J., did not sit in this case.

### On Rehearing.

HIGGINS, J. Appellant earnestly insists the judgment should be reversed and the cause remanded to permit it to amend so as to show a cause of action against the indorsers.

[8] In support of our ruling that the errors complained of by appellant are harmless in the state of the evidence we quote the language of Judge Gaines in Ry. Co. v. Uribe, 85 Tex. 386, 20 S. W. 153, as follows:

"It is a universal rule in this court to affirm all judgments of the court below when the evidence is such that we can say that it did not admit of any judgment other than that which was rendered. Bowles v. Brice, 66 Tex. 724 [2 S. W. 729] and cases cited. In such cases errors which ought not to have affected the result are harmless. ·It is immaterial if evidence has been admitted which should have been excluded, provided the undisputed evidence which has been properly admitted should lead to no other result. So also the appellant has not been prejudiced by a wrong conclusion of the court, if the court, by a different process, should have rendered the same judgment which has been rendered."

A long list of authorities in support of this rule is cited in 1 Michie's Digest, 765, to which we refer. This is the only feature of the motion for rehearing which calls for any comment.

The motion is overruled.