JOHN T. READ v. M. A. R. ALLEN.

(Case No. 1886.)

1. CONTINUANCE.— To grant a continuance of a cause, because during the progress of the trial evidence was excluded, without which the party could not maintain his suit, the exclusion of which was required by the well settled law of evidence, would be in violation of established practice. Nor under such circumstances should the party obtain a new trial on the ground of surprise.

2. DECLARATIONS — PRACTICE.— The force and effect of declarations of a party admitted in evidence is for the consideration of the jury, and to give them

prominence by making them the subject of a special charge should be avoided.

3. LIMITATION — POSSESSION.— When a landlord places a tenant on a tract of land claimed by him, and designates by metes and bounds the subdivision of the tract as the portion which the tenant is to occupy, the possession of the tenant, on a question of limitation, can inure to the landlord's benefit only to the extent of the designated metes and bounds set forth in the lease. If the possession be that of one owning an undivided interest in the whole tract, it inures to the benefit of the tenants in common owning the other undivided interests, so long as the tract remains undivided.

APPEAL from Houston. Tried below before the Hon. John R. Kennard.

Trespass to try title brought August 5, 1880, by appellant against appellee and Jos. Caffey, for one hundred and sixty and one-half acres of land, part of the John Welsh league. Caffey disclaimed except as tenant of appellee. Appellee pleaded not guilty, and in reconvention for the land and for rents. Appellant by supplemental petition pleaded limitations of three, five and ten years, and improvements in good faith.

Verdict and judgment for appellant for an undivided half of the land and costs, and for appellee for the other half and for partition.

Appellant read in evidence title papers as follows: (1) Grant to John Welsh; (2) deed from J. R. Melton to Stroud Melton conveying the league, dated October 17, 1854, recorded June, 1859, which deed recites that the league was conveyed to J. R. Melton by John Welsh on June 19, 1854; (3) deed from Stroud Melton to W. H. Cundiff conveying the league, dated April 28, 1859, recorded June 4, 1859; (4) deed from Cundiff to Daniel Dailey, dated and recorded in October, 1864, conveying all the league except (as recited in the deed) " said Dailey to respect a tract of three hundred and twenty acres sold by me to Chas. Stokes, and a contract made by me with John H. Ligon; " (5) warranty deed from Dailey to R. N. Read, dated May 17, 1865, recorded September 4, 1865, conveying the league, " less a tract of four hundred acres excepted for John H. Ligon, three hundred and twenty acres excepted for Chas. Stokes, and two hundred and forty acres excepted for Thos. Little; " (6) warranty deed from Read to M. Townsend, dated March 14, 1870, recorded April 8, 1872, conveying the one hundred and sixty and one-half acres in controversy; (7) warranty deed from Townsend and wife, re-conveying same land to Read, dated September 8, 1873, recorded September 5, 1880; (8) warranty deed from Read to appellant (his son), conveying said one hundred and sixty and one-half acres, dated October 2, 1873, recorded August 28, 1880.

Appellee obtained possession of the land in controversy by a suit filed against appellant's tenant March 25, 1880, so that, to maintain his plea of ten years' limitation, it was necessary for appellant to show possession prior to January 28, 1861.

Having read in evidence the above title papers, appellant called R. N. Read, who testified that, at the time he received from Dailey (his vendor) the title papers to the league, he also received from Dailey a lease which purported to be signed by John H. Ligon; that the lease, after diligent search, could not be found, and he had not delivered it to any one; that witness knew that Ligon lived on the Welsh league from several years before the war continuously to his death, which occurred shortly after the close of the war, and that, while living on the league, Ligon claimed to hold possession of the whole league under a lease from Cundiff; that witness did not know whether said lease had any subscribing witnesses or not; that the terms of the lease were in reference to Ligon's holding possession of the league for and under Cundiff, and were the same substantially as stated by Ligon while occupying the league. Appellant, upon this proof, proposed to prove by the witness the contents of the lease; appellee objected, because its execution was not sufficiently proved, and the objection was sustained. Appellant then offered to prove by the witness the declarations of Ligon while occupying the league, to show the extent and character of his possession, and that he held possession under Cundiff, to which appellee objected, " because the lease was the best evidence; " and this objection was also sustained. Appellant being a non-resident of the county and absent, his attorney made application to withdraw his announcement of ready for trial, and to continue the cause on the ground of surprise. This application was duly sworn to, and in addition to the foregoing facts stated that this was the first continuance asked by appellant; that the attorney relied on the evidence of the witness to prove the execution and loss of said lease, and believed the evidence offered was competent circumstantial evidence of same; that he knew of no person by whom he could prove the execution of said lease except W. H. Cundiff, who is a resident of Wise county, and to whom interrogatories had been sent, but he returned them unanswered, and stated that he would be present at the trial and preferred to testify in court; that affiant had learned previously from said Cundiff that he did not have said lease, but had turned it over to his vendees, Dailey and Read, and that affiant was satisfied he would be able by next term to fully prove the execution of the lease, etc. The court overruled the application, and appellant excepted.

After the application was presented the court modified its ruling so as to admit the "declarations of Ligon, while in possession of the land, as to the character of his possession," and thereupon so much of the application as related to the exclusion of said evidence was withdrawn, but appellant excepted to the ruling refusing a continuance and refusing to allow the witness to prove the contents of the lease.

The court charged the jury that "where one holding a deed to land described by metes and bounds leases a part of said land to a tenant by specific metes and bounds, then the possession of said tenant is only co-extensive with the bounds specified in the lease and not the whole tract," etc.

*J. R. Burnett*, for appellant, cited: Buford *v.* Bostick, 50 Tex., 371; 25 Tex., 1; Mapes *v.* Leal's Heirs, 27 Tex., 349; 1 Wharton on Evidence, sec. 349; Brownson *v.* Scanlan, 59 Tex., 225; Charle *v.* Saffold, 13 Tex., 94; Flanagan *v.* Boggess, 46 Tex., 331; Wallace *v.* Wilcox, 27 Tex., 60; Gillespie *v.* Jones, 26 Tex., 343.

*D. A. Nunn*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— There was no proof whatever offered to show that the paper once in the possession of the witness, and purporting to be a lease to Ligon, was executed by any of the persons who purported to be parties to it.

The appellant must have known that neither that paper nor proof of its contents, if its loss was sufficiently shown, could be introduced without proof of its execution. He seems to have attempted to take the deposition of a witness to prove that fact, but he knew that the deposition of the witness had not been taken, and relied upon the presence of the witness at the trial.

These things being true, the court did not err in refusing to continue the case on the ground of surprise to the appellant resulting from the fact that he was not permitted to prove the contents of the lease.

He made no application for a continuance before the trial began, and to have granted it on the sole ground that during the trial, under a well settled rule, a part of the evidence which he proposed to introduce was excluded, would have been in violation of well recognized rules.

The declarations of Ligon as to the character of his holding were admitted, and the appellant was not entitled to have it strengthened

by the admission of improper evidence; nor was he entitled to a charge as to the effect of his declarations.

When such declarations were admitted, they were for the consideration of the jury, as were all other facts which the court permitted to go before the jury; and to have given the charge asked in regard to such declarations would have been calculated to give to them an importance to which they were not entitled, if not an infringement of the rule which forbids a judge to charge upon the weight of evidence.

It is urged that the court erred in giving the following charge: " Where one holding a deed to land described by metes and bounds leases a part of said land to a tenant by specific metes and bounds, then the possession of said tenant is only co-extensive with the bounds specified in the lease and not with the whole tract."

We understand this to be a correct rule. Texas Land Co. *v.* Williams, 51 Tex., 61; Cunningham *v.* Frandtzen, 26 Tex., 34.

We cannot perceive upon what ground a landlord, who, by a lease, has restricted the possession and use of his tenant by metes and bounds to a part of a larger tract, can claim that his tenant's possession under such a lease extends to that which, by the terms of the lease, the tenant has no right to possess.

There was evidence from which the jury would have been authorized to find that Ligon's lease was confined to the land afterwards conveyed to Wright, who was the vendee of Ligon.

The deed from Cundiff to Dailey excepted four hundred acres for Ligon, three hundred and twenty acres for Stokes, and two hundred and forty acres for Little; and when Dailey conveyed to R. N. Read he made the same exceptions to the operation of his deed, which was otherwise for the entire Welsh league.

To these several tracts of land neither the appellant nor his vendor had any shadow of claim.

The appellant, to recover as against the appellee under his plea of the ten years' limitation, had to show some possession of the land in controversy, prior to January 28, 1861, by his vendors, and looking to all the evidence in the case we are not prepared to say that all the tenants on the land prior to that date were not restricted in their possession to certain parts of the league, none of which covered the land in controversy.

The jury must have so found, and, as there was evidence to support their finding, their verdict must be considered conclusive of the question of fact, which was with great clearness submitted to them by the charge given.

The third charge asked, and refused by the court, was in substance contained in the charge of the court given, which presented the law applicable to the case in all its phases.

It is urged that the court erred in giving at the request of the appellee the following charge:

"The deed from Dailey to Read, of date 1865, did not convey to Read the four hundred acres therein named as belonging to John H. Ligon or held by him; and if prior to such deed Ligon was on the league holding under Cundiff and Dailey, or either of them, by the operation of the deed to Read the remainder of the league was severed from the Ligon four hundred acres, and the possession thereafter by Ligon of such four hundred acres would not extend to the remainder of the league." This charge was given with this qualification: "If it was set out by metes and bounds or otherwise so designated that its locality on the league could be definitely ascertained; but, if it remained an undivided interest, without a definitely defined location, then said Ligon and Read, after the execution of said deed, would be tenants in common, and the possession of one would mutually be the possession of the other so long as it remained undivided." The charge as thus qualified was applicable to the facts, and as matter of law correct.

The other assignments of error have, in effect, been disposed of in what has been said, and need not be further considered.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered January 27, 1885.]