THEODORE HOLMES v. THE STATE.

No. 1477. Decided April 27, 1898.

**1. Disturbance of Religious Worship—Evidence.**
See opinion for facts stated, Held sufficient to support a conviction for willful disturbance of religious worship.

**2. Same—"Willful"—Charge.**
On a trial for willfully disturbing a congregation assembled for religious worship, a charge of court which defined the word "willful" to mean "with evil intent or without reasonable grounds for believing the act to be lawful," is sufficient without including in the definition the expression "legal malice."

APPEAL from the County Court of Jackson. Tried below before Hon. JOHN O. ROWLETT, County Judge.

Appeal from a conviction for willfully disturbing a congregation assembled for religious worship; penalty, a fine of $25.

The opinion states the case.

No briefs for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of willfully disturbing a congregation, who were then and there conducting themselves in a lawful manner, and his punishment assessed at a fine of $25; hence this appeal.

The first three assignments of error refer to the sufficiency of the evidence to support the judgment. There is some contradiction or conflict in the evidence as to the exact place of the disturbance; that is, whether it was in the church, at the door of the church, or en route from the church to a schoolhouse a few steps away. The testimony of Morris Martin is to the effect that Archie Smith, Horace Holmes, Theodore Holmes, and himself began quarreling at the church door, and that all of them cursed, and thence they went to the schoolhouse, about fifty yards off, and renewed the swearing and disturbance. Felix Powell's testimony discloses that he was at the church at the time of the disturbance, and went to the boys while they were quarreling, and heard the defendant curse, and say, "God damn it, I am a change for him;" 'that there was a congregation assembled at the time, and services were being conducted, and that the congregation were conducting themselves in a lawful manner. Will Smith testified that Oscar Sanford spoke to him in church, and told him to go out and stop the noise at the church door; that he went out and told the boys not to row there; that they went off to the schoolhouse, and everybody jumped up and went out there, and everybody got to cursing. So it would seem from the testimony that Theodore Holmes, the defendant, was at the church door, and was curs-

ing there, which disturbed the congregation to the extent of breaking it up. So we think the testimony is sufficient.

It is contended that the definition of "willful" in the court's charge is not sufficient. The language of the charge in this respect is as follows: " 'Willful,' in the sense as above used, means with evil intent, or without reasonable grounds for believing the act to be lawful." As a ground of his motion for a new trial, appellant contends that the expression "legal malice" should have been included in this definition; hence this omission is fatal. We do not think so. The definition of "willful," as given by the court, is sufficient. See Thomas v. State, 14 Texas Crim. App., 200; Wood v. State, 16 Texas Crim. App., 574; Finney v. State, 29 Texas Crim. App., 184. We would observe that this is a misdemeanor. No charge was asked by appellant covering the supposed defect, and there was no exception reserved to the charge as given. But, had these necessary steps been taken, we would still be of the opinion that the definition is sufficient. The judgment is affirmed.

*Affirmed.*