### J. R. WEBB v. JACOB LYERLA, JR.

Decided May 5, 1906.

**1.—Limitation—Ten Years—Claim of Right.**

The actual possession of a small part of a large tract of land without claim of right to the entire tract will not support the plea of ten years' limitation as to the entire tract.

**2.—Same—Rendition for Taxes—Evidence.**

An inventory of property rendered for taxation during the period of limitation not containing the land claimed is admissible in evidence as a circumstance tending to show that the party pleading .the statute did not claim the land at that time.

**3.—Same—Same.**

Although a rendition of property for taxation is in the handwriting of the tax assessor and not of the party rendering the property, still when it comes from the custody of such assessor the presumption of regularity of official conduct makes it competent evidence.

Appeal from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*D. G. Hunt* and *Earl Conner,* for appellant.

*J. R. Stubblefield* and *Cobbs & Hildebrand,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This suit was originally brought by Jacob Lyerla, Jr., against J. R. Webb and the heirs of A. Warner to

recover the southwest one-fourth of section number 41, block number 2. H. & T. C. Railway Company survey in Eastland County. Those of the defendants who answered pleaded the general issue, not guilty, and specially the statute of ten years limitations, and other special pleadings not necessary to mention. The defendant Webb filed a disclaimer as to the north eighty acres of the lands sued for. The trial resulted in a verdict for the plaintiffs for all the land except six and one-half acres, which the jury gave to the defendant Webb, evidently upon his plea of limitations. The defendant Webb has appealed.

It is first complained that the trial court erred in instructing the jury that the deeds and other muniments of title introduced in evidence by the appellee were sufficient to show title to the land in controversy in him, and that he was therefore entitled to recover, unless defeated by appellant's plea of ten years limitation. But in what respect the muniments of appellee's title are defective, appellant has failed to inform us, and our examination of the numerous papers constituting his title leads us to the conclusion that he has shown a complete chain of consecutive transfers from the sovereignty of the soil down to himself, which, of course, was sufficient to authorize the charge complained of.

It is next insisted that the court erred in instructing the jury that if A. Warner, under whom appellant claims, "did enclose a small portion of the said eighty acres of land and did adversely, under claim of right, assert possession of all of said eighty acres of land, did peaceably hold, occupy and use all of said eighty acres of land, adversely, and with his wife and children did hold such peaceable and adverse possession of the same for a period of ten consecutive years next before the institution of this suit, whether it was all enclosed with a fence or not, you will find for the defendant," and in refusing to instruct them instead, "that if you find from the preponderance of the evidence that the defendant J. R. Webb and those under whom he claims, as elsewhere herein instructed in the main charge, have had and held adverse and peaceable possession, claiming and holding openly and adversely to the plaintiff herein a few acres of the land in controversy, using and enjoying the same in the manner aforesaid, and if you find from a preponderance of the testimony that said few acres, if any, were under fence of the said Webb and those under whom he claims, and if you find that said few acres, if any, were so held and fenced for a period of more than ten years next before the filing of this suit, to wit, February 5, 1904, then and in that event you are instructed that the defendant Webb would be entitled to recover the entire eighty acres of land in controversy."

It will be seen at a glance that the theory of appellant is that if he had shown himself entitled to recover the few acres enclosed, by reason of the statute of limitation of ten years, article 3344, Sayles' Civil Statutes, requires his possession to be construed so as to embrace all the land in controversy, the same not exceeding one hundred and sixty acres; while on the other hand, the court's charge contemplates that the peaceable and adverse possession must itself extend to the entire eighty acres of land, even though it was not all actually enclosed with a fence.

This latter view we think to be a correct interpretation of our statute

of ten years limitations. While it is not required that all the land in the peaceable and adverse possession of one who seeks to prescribe under the statute should be actually enclosed or improved, yet there must be peaceable and adverse possession thereof, which necessarily postulates a claim to all of it, as declared by the court in his charge. In other words, it was never contemplated that article 3344, declaring that the peaceable and adverse possession of a defendant shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually enclosed, should confer rights on such defendant where none were otherwise claimed. See Titel v. Garland, 87 S. W. Rep., 1152; Bracken v. Jones, 63 Texas, 184. The case last cited is peculiarly apt in the present instance, since it appears from the evidence that Warner's house and principal improvements were situated on the northwest quarter section of the block immediately south of the block in which was situated the land in controversy, and that his enclosure extended over onto this land so as to enclose with his own farm the small amount of land recovered by appellant in this case. It seems to be a case, therefore, of a mistake as to the boundary line, or mere encroachment upon the land of his neighbor, and not such possession of a part of the land in controversy as to evidence an intention to claim the whole.

The evidence is conflicting as to just what was said by the juror Carmichael prior to his selection as a juror, and while in the jury box, and we are therefore not prepared to hold that the trial court abused his discretion in refusing to grant a new trial because of the alleged misconduct of this juror. We are rather inclined to the view that the court ruled right, since the most that can be said of appellant's statement supporting this assignment is that it shows that the juror expressed a hearty disapproval of one's holding land by the plea of limitation.

There was no error in permitting the appellee to introduce in evidence the inventory of property rendered by A. Warner to the tax assessor of Eastland County for the years 1897 and 1898. These years constituted a part of the ten necessary to complete appellant's prescription, and while under the statute it is not required that Warner should have paid the taxes for those years, yet that he did not render the lands for taxes as his own is a circumstance for the jury's consideration, indicating in a greater or less degree that he did not claim them. The principal objection to the testimony was that the renditions were not shown to be those of Warner. But the evidence shows that these renditions were in the handwriting of the tax assessor, and that they came from the proper source, and article 5098, Sayles' Civil Statutes, directs that the assessor of taxes shall require each person rendering a list of taxable property for taxation to subscribe to an oath or affirmation attached to the inventory, and the presumption of regularity of official conduct making at least a *prima facie* case that the purported renditions of Warner were his, there was sufficient predicate laid for the introduction of such testimony.

All assignments of error are overruled and the judgment is affirmed.

*Affirmed.*

Writ of error refused.