R. W. WIER LUMBER CO. et al. v. CONN.

(Court of Civil Appeals of Texas. Galveston. Feb. 28, 1913. On Motion for Rehearing, March 20, 1913.)

1. ADVERSE POSSESSION (§ 100*) — COLOR OF TITLE—EXTENT.

Where defendant acquired a tax title against the P. survey, it was sufficient color of title to give defendant the benefit of the principle that actual possession of a part of a tract of land by the owner will be extended to give

him constructive possession of the whole and prevent the acquisition of title by adverse possession by one having no title beyond the limits of the actual inclosure of such adverse possessor.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 547–574; Dec. Dig. § 100.*]

2. ADVERSE POSSESSION (§ 100*)—EXTENT — OCCUPANCY BY TENANT—EFFECT.

Where a claimant of a defined tract of land leased a defined and separate portion thereof, the tenant's actual possession of the leased portion did not give the claimant constructive possession of the whole tract claimed by him.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 547–574; Dec. Dig. § 100.*]

3. EVIDENCE (§ 379*)—DOCUMENTARY—PLATS —PROOF.

In trespass to try title, involving a conflict in certain surveys, a plat could not be considered without proof that it was correct.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1656; Dec. Dig. § 379.*]

4. INFANTS (§ 24*)—ADVERSE POSSESSION — RESIDENCE.

Where the occupants of certain land, claiming adversely, performed the necessary cultivation and used and enjoyed the land so as to indicate adverse possession, it was not material that for part of the time one of them was under age and both resided with their father on other land.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

5. APPEAL AND ERROR (§ 1056*)—RULINGS ON EVIDENCE—PREJUDICE.

Where, in trespass to try title, there was no evidence that the C. survey covered any part of either of the tracts sued for, defendants were not prejudiced by the exclusion of evidence to show that a written acknowledgment of tenancy was intended to cover a part of the P. survey within the boundaries of the C. survey, which was void.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by R. C. Conn against the R. W. Wier Lumber Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Holland & Holland, of Orange, and W. W. Blake, of Jasper, for appellants. W. F. Goodrich, of Hemphill, and Smith & Blackshear, of Jasper, for appellee.

REESE, J. This is a suit in trespass to try title by R. C. Conn against the R. W. Wier Lumber Company to recover the title and possession of two certain tracts of land, one of 48½ acres and the other of 160 acres, both on the T. Pratt survey. Plaintiff also sued for damages for cutting and appropriating timber. Plaintiff specially pleaded his title to the land sued for under the statute of limitation of 10 years. Defendant pleaded general denial, not guilty, and in addition sought a recovery on the warranty of W. J. B. Adams, R. F. Adams, and Abel Adams, Sr., who, it was alleged, conveyed the land by general warranty deed to W. H. Bonner, who in turn conveyed it to defendants by like covenants of warranty. Adams came in and answered, made general denial of the allegations of plaintiff's petition, and pleaded not guilty and the statute of limitation of five years. A trial with a jury resulted in a verdict and judgment for plaintiff for the land sued for and for $2,225 damages for cutting timber, and for defendants against Adams for $2,081 on their warranty. A motion for a new trial by defendants was overruled, and they appeal.

The land sued for is on the T. Pratt survey of 640 acres. The 48½ acres lie in the southeast corner of the survey, extending to the south line of the Pratt on the south, the east line of the Pratt on the east, and extending westward 1,360 varas. The 160 acres adjoins this tract on the north, bounded on the east by the east line of the Pratt, and extending west 950 varas. The William Duncan survey of 640 acres joins the Pratt on the south. This suit was filed in 1908.

The evidence is sufficient to support the finding, and we find that, beginning with the occupancy by Nathan Burrell in 1893, and followed in 1894 by that of John Burrell, who claimed under Nathan, and by that of Nathan Burrell, who succeeded John in 1900, and by that of J. C. Killen, to whom Nathan Burrell conveyed it in 1900, and who in turn conveyed it to Conn in 1905, the appellee, Conn, and those under whom he claims title, have been in continuous, actual, and adverse occupancy of the 160 acres of land, cultivating, using, and enjoying the same, with all the elements necessary to support appellee's claim of title under the statute of limitation of 10 years, for more than 10 years ensuing from and after the date of the first occupancy. As to the 48½ acres, we find that, beginning about 1889, Arthur Burrell was in actual, adverse occupancy of this tract, cultivating, using, and enjoying it, and claiming it as his own, up to the time he sold and conveyed it to appellee, Conn, in 1905. Arthur Burrell sold and conveyed 60 acres, extending entirely across the Pratt survey, but his limitation title only included the 48½ acres sued for herein. On May 7, 1895, A. N. Stone, tax collector of Jasper county, conveyed to W. J. B. Adams the T. Pratt survey, reciting that the land was levied on and sold for taxes for the year 1894, amounting to $6.40. The consideration paid was $10.65. The tax collector's deed was introduced in evidence, but no evidence offered as to the tax sale, except the naked deed, which is in regular form to convey the T. Pratt survey. This deed was recorded May 26, 1896.

Some time prior to 1888 one Ab Cole had located and settled upon a pre-emption of 160 acres of land, which was in conflict entirely with either the Wm. Duncan survey, or partly with the Duncan and partly with the

Pratt. This 160 acres had been surveyed, and had defined boundaries, but the original field notes were not in evidence. Field notes of a survey made by the county surveyor in 1901 placed this Cole location entirely on the Duncan. Evidence was introduced which tended to show that it also encroached on the Pratt, but this evidence does not indicate what part of the Pratt was so covered. About 1889 F. W. Burrell settled upon this Ab Cole survey and was occupying it in 1899, when he executed the following instrument: "The State of Texas, County of Jasper:

"Know all men by these presents that I, Frederick Burrell, of the county of Jasper and state of Texas, do hereby acknowledge that I am now occupying and living upon the following described tract of land, to wit, 160 acres of land, situated in the county of Jasper and state of Texas, about six or seven miles in an easterly direction from Wiess's Bluff, said 160-acre tract having been surveyed within the boundaries of an original survey known as the ——— survey of ——— acres; that I went into possession of said land on the ——— day of September, 1888, with the consent and permission of R. F. Adams, as his tenant; that I have ever since said date continuously occupied said tract of land, and am now occupying the same, as the tenant of the said R. F. Adams, who resides in the county of Jasper and state of Texas; and I hereby admit and acknowledge that the said tract of land is the property of the said Adams, and that I have no interest in said land save as the tenant of the said Adams, as aforesaid.

"Witness my hand this the 3d day of August, A. D. 1899.

"[Signed] Frederick Burrell."

This tract of land referred to in this instrument was shown to be the Ab Cole survey. This possession continued by Burrell during his lifetime and after his death by his widow up to the time of the trial. There was evidence which tended to show that a part of Burrell's improvements extended over on that part of the Ab Cole survey which conflicted with the Pratt. There was no evidence that this Cole survey, or any of Burrell's improvements, covered any part of either of the tracts herein sued for.

[1] By the first assignment of error appellants complain of the refusal of the court to give a charge requested, embracing the legal proposition that if appellants claimed the Pratt survey under a deed duly recorded and describing it by metes and bounds, and were in actual possession of any part of it by tenant, such actual possession of a part drew to it the constructive possession of the remainder, except such part thereof as was in the actual occupancy of appellee or his vendors, claiming adverse possession, and in such case appellee could only recover under his limitation claim the land under actual inclosure. Those claiming the adverse possession and under whom appellee claims

having no title, we think that the tax title of appellants, although it was not shown that the facts existed to render it effectual as a conveyance of the title of the owner of the Pratt, was sufficient to entitle appellants to the benefit of the general principle of law that actual possession of a part of a tract of land by the owner will be so extended as to give him constructive possession of the whole and prevent the acquisition of title by adverse possession by one having no title beyond the limits of the actual inclosure of such adverse possessor, if there had been any evidence to support the application of this principle to this case. Evitts v. Roth, 61 Tex. 84; Claiborne v. Elkins, 79 Tex. 380, 15 S. W. 395; Texas Land Co. v. Williams, 51 Tex. 62.

[2] When we come, however, to apply this principle of law to the facts of this case, we are met by the obstacle that there is no evidence upon which to base an actual possession by appellants' vendors of any part of the Pratt survey, outside of the boundaries of the Ab Cole void survey, and that the actual possession of Burrell, as tenant of Adams, of land within the well-defined boundaries of that tract cannot be so extended as to give Adams constructive possession of any part of the Pratt outside of the well-defined boundaries of the tract held by Burrell as his tenant. Burrell by his acknowledgment of tenancy, held possession for Adams of the tract embraced within its boundaries. By virtue of this contract undoubtedly Adams was in actual possession of so much of this tract as was inclosed by Burrell, and in constructive possession of the remainder of the leased tract; but this did not give him possession of the Pratt, or of any part of it outside of the boundaries of the tract, which, under the express terms of the instrument referred to, was held by Burrell as his tenant. The proposition may be stated thus: If A., being the owner of a defined tract of land, leases to B. a defined and separate portion thereof, B.'s actual possession of the leased portion as A.'s tenant does not give A. constructive possession of the whole tract owned by him. Texas Land Co. v. Williams, 5 Tex. 51; Read v. Allen, 63 Tex. 154. Adams had title to the Ab Cole survey, or claimed title, and it was this survey that Burrell rented from him. It is only by virtue of the fact that this tract encroached upon the Pratt that Burrell held under this tenancy any part of the Pratt. Burrell's, and consequently Adams', possession of any part of the Pratt was only by virtue of this fact, and cannot be held to give Adams constructive possession of the entire Pratt survey, with the consequence of preventing the acquisition of title by defendants' vendors by 10 years' adverse possession of parts of the Pratt, outside of the boundaries of the land covered by Burrell's acknowledgment of tenancy.

There was no evidence under which appellant would have been entitled to the application of the principle of law embraced in the requested charge, and the court did not err in refusing to give it.

[3] There is a plat of the land in appellants' brief which purports to show the relative positions of the Pratt, the Duncan, the two tracts here sued for, and the tract which F. W. Burrell rented from Adams, which appellee admits was intended to be the Ab Cole survey; but we can find nothing in the record which tends to show that this plat is correct. Certainly there is no evidence which tends to show the location of the lines of this latter tract with reference to the Pratt. The most that can be gathered from any of the evidence is that the Cole survey encroached upon the Pratt. There is nothing tending to show that it covered any part of either of the tracts sued for. In a former suit by W. J. B. Adams against F. W. Burrell and others to recover the Duncan survey, which also belonged to Adams, it was claimed by him that this 160 acres of land covered by the Burrell tenancy lay altogether on the Duncan, and he recovered 160 acres of the Duncan on the ground that Burrell, who claimed under the 10-year statute of limitation, held under him, and this contention, resting upon the written instrument herein set out, was sustained. Adams v. Burrell, 127 S. W. 581; Burrell v. Adams, 135 S. W. 1156.

[4] The evidence shows that during part of the time that John Burrell and Arthur Burrell were cultivating and claiming the two tracts sued for they were living with their father, F. W. Burrell, on the 160 acres which he held under Adams, and appellants requested the court to charge the jury that for this reason they could not acquire by adverse occupancy title to the tracts on the Pratt survey herein sued for. John Burrell was 21 years old in 1896. His use and occupation have been shown as beginning in 1894. He built a house on the 160 acres sued for in 1898, and moved on the place, having married. The evidence shows that his right during his minority to acquire this tract was recognized by his father. Arthur Burrell was four or five years older than John. There is no merit in appellants' contention that these boys, by reason of the fact that they made their home with their father on this rented tract, could not by adverse possession acquire title by limitation to the two tracts sued for lying on the Pratt and entirely outside of the tract held by their father for Adams. Actual residence on the land was not necessary. The evidence abundantly shows that they claimed the two tracts, respectively, and that such claim was accompanied by the necessary cultivation, use, and enjoyment to perfect their title under the 10-year statute. The refusal to give the charge is complained of by the second assignment of error, which must be overruled.

[5] There was no material or prejudicial error in sustaining the objections of appellee to the testimony of R. F. Adams referred to in the third assignment of error, so far as we can understand the rambling bill of exceptions. The only effect of this excluded testimony was to show that the written acknowledgment of tenancy executed by F. W. Burrell was intended to cover that part of the Pratt survey within the boundaries of the void Ab Cole survey. This testimony did not tend to show that this Cole survey covered any part of either of the tracts sued for; nor was there any evidence which did. If we are correct in what we have said in disposing of the first assignment of error, the excluded testimony, if true, would not have sustained appellants' claim. The assignment is overruled.

What we have said in disposing of the first assignment of error sufficiently disposes of the contentions set out under the fourth and fifth assignments of error, which are overruled.

We find no error requiring reversal, and the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

On motion for rehearing appellants insist that the case of Read v. Allen, 63 Tex. 154, upon the identical proposition in support of which it is cited in this case, "has been overruled by the Supreme Court continually and by the various Courts of Civil Appeals." It would have tended to lighten the labors of this court if even one of the overruling decisions referred to had been cited. In view of the statement in the motion we have been led to a further examination of the authorities in this state on this question, and the examination has failed to reveal a case even doubting the authority of Read v. Allen, with the exception of our own opinion in Haynes v. T. & N. O. R. R. Co., 51 Tex. Civ. App. 49, 111 S. W. 427, and the individual opinion of Judge Key in Puryear v. Friery, 16 Tex. Civ. App. 316, 40 S. W. 449. In Haynes v. Railroad Co., supra, the writer of this opinion, speaking for the court, said with regard to Read v. Allen: "The late case of Bowles v. Brice, 66 Tex. 730 [2 S. W. 729], while not in terms overruling the former opinion in the case referred to, seems to us to hold directly to the contrary," etc. A further examination of the authorities has led us to reconsider this expression as erroneous. In fact, a more careful consideration of the opinion of Bowles v. Brice would have prevented this error. Judge Gaines, speaking for the court in the latter case, uses this language: "The question is, Must the possession in this case be restricted to the portion of the premises actually occupied by

the tenants? It is held in Read v. Allen, 63 Tex. 154, and in Texas Land Co. v. Williams, 51 Tex. 51, that when a party claiming land leases by written contracts specific parts of it, describing them by metes and bounds, his possession through his lessees extends only to the parcels so defined. This is in accordance with the principle laid down in Cunningham v. Frandtzen, 26 Tex. 34, that where one in possession of a tract of land sells the portion actually occupied by him, his constructive possession, which before existed as to the remainder, immediately determines. But we consider that we have a different case before us. Shall a party, who lets to tenants for the purpose of cultivation the improved part of a tract of land, be deemed to have lost his constructive possession of the portion which is unimproved? We think not. He applies the property to the only use of which it is susceptible, and should be deemed as exercising ownership over the whole tract as fully as if he were in possession of the improved portion, cultivating it himself. It is true that the witnesses state that the tenants in this case had no right or authority over the land not in cultivation."

The court evidently did not see any inconsistency between the doctrine announced in this case and that held in the two cases cited. If there had been any intention of overruling the two cases, this is the place where we would have naturally looked for it. In Read v. Allen and Land Co. v. Williams, the law is thus stated: "When a landlord places a tenant on a tract of land claimed by him, and designated by metes and bounds the subdivision of the tract as the portion which the tenant is to occupy, the possession of the tenant, on a question of limitation, can inure to the landlord's benefit only to the extent of the designated metes and bounds set forth in the lease."

The Haynes Case, by its facts, came exactly within the doctrine of Bowles v. Brice, as was held by this court. We were simply in error when it was intimated that there was any conflict between Read v. Allen and Bowles v. Brice. As was said by the court in the latter case, the two cases occupy different ground. We have again examined each of the cases cited by us in support of Bowles v. Brice in the Haynes Case, and find that the facts in each case brought it within the rules in Bowles v. Brice and clearly distinguish it from Read v. Allen and Land Co. v. Williams. With reference to the present authority of Read v. Allen, the decisions in this state show the following: In Craig v. Cartwright, 65 Tex. 424, it was cited with approval. This was, however, before the decision in Bowles v. Brice. Since that decision, however, in Parker v. Cockrell, 31 S. W. 222, the court distinguishes the two cases, and certainly there is no hint of discrediting Read v. Allen. On the contrary, we take it as an express recognition of the authority of that case. In Hall v. Clountz, 26 Tex. Civ. App. 348, 63 S. W. 944, Land Co. v. Williams and Read v. Allen are cited and followed. In Puryear v. Friery, 16 Tex. Civ. App. 316, 40 S. W. 449, it was held that the facts of the case brought it under the rule of Bowles v. Brice, the court expressly recognizing the distinction between that case and Read v. Allen, and not even a suspicion is cast upon the authority of Read v. Allen, except that Justice Key, who wrote the opinion, states as his individual opinion that Cunningham v. Frandtzen, 26 Tex. 34, cited in Land Co. v. Williams and Read v. Allen, does not support the doctrine announced in these cases. In Collier v. Couts, 45 S. W. 487, the facts were the same as in Bowles v. Brice, which is cited in support of the opinion. In Houston Oil Co. v. Kimball, 114 S. W. 668, Read v. Allen is cited and followed. Writ of error was granted, but the judgment was affirmed by the Supreme Court (103 Tex. 105, 122 S. W. 533, 124 S. W. 85); and while neither Read v. Allen nor Land Co. v. Williams is cited, the opinion clearly approves the rule announced by the Court of Civil Appeals. In Pharis v. Jones, 122 Mo. 125, 26 S. W. 1032, the Supreme Court of Missouri cites and approves Read v. Allen. If there is a decision either of the Supreme Court or any of the Courts of Civil Appeals that has overruled or doubted the authority, in a proper case, of Read v. Allen or Land Co. v. Williams, except what is (erroneously) said by this court in Haynes v. Railroad Co., and by Judge Key, as his individual opinion, in Puryear v. Friery, we have been unable to find it.

Now, in the present case there can be no doubt that the written lease or acknowledgment of tenancy by F. W. Burrell to Adams referred to the Cole 160-acre survey. As it stands, the written lease was insufficient for want of description or identification of the land embraced in the lease. Without parol evidence showing to what land it referred, it was worthless. This parol evidence identified the survey referred to as the Cole 160-acre survey. Certainly the written lease by its terms, as explained by parol, covered no part of the Pratt, except in so far as the Cole survey covered the part of the Pratt. That the boundaries of the Cole were not capable of exact identification, if such be the fact, does not affect the question. It was shown sufficiently that it covered only a small part of the Pratt in any event, and none of that part here in controversy. We must adhere to our opinion that the case is ruled by Read v. Allen and Land Co. v. Williams. None of the grounds of the motion for rehearing are tenable, and the motion is overruled.