## HAWORTH v. TEXAS & P. RY. CO. et al. (No. 456.)

Court of Civil Appeals of Texas. Eastland. June 8, 1928.

1. **Appeal and error ⊗⇒248—Objection to intervention is not reviewable, in absence of exception.**

Alleged error in overruling objection to intervention is not reviewable, in absence of exception to court's order.

2. **Appeal and error ⊗⇒877(7)—In trespass to try title, alleged errors, as between plaintiff and intervener, held immaterial on appeal by plaintiff alone from judgment for defendant.**

In action to try title to land, wherein a third person intervened, claiming title as a purchaser from plaintiff in event he prevailed, alleged errors in rulings on demurrers to intervener's petition, and the admission of evidence, as between plaintiff and intervener, *held* immaterial on appeal by plaintiff alone from adverse judgment.

3. **Evidence ⊗⇒589—Plaintiff's testimony that he held land adversely for more than 10 years held not conclusive on issue of adverse possession.**

Plaintiff's testimony that he held land under adverse claim for more than 10 years is not conclusive on issue of title by adverse possession; plaintiff being an interested witness.

4. **Adverse possession ⊗⇒95—Appeal and error ⊗⇒1048(5)—Question whether plaintiff had paid taxes on land held proper, and, in any event, not prejudicial.**

In action to establish title by adverse possession, permitting question as to whether plaintiff had paid taxes on the land claimed *held* proper, and, in any event, not prejudicial error, in view of affirmative answer.

5. **Appeal and error ⊗⇒204(1)—Admission of evidence without objection is not reviewable.**

Alleged error in the admission of evidence is not reviewable, in the absence of showing of objection by appellant.

Appeal from District Court, Taylor County; M. S. Long, Judge.

Action by R. R. Haworth against the Texas & Pacific Railway Company and others, in which J. M. Wagstaff intervened. Judgment for defendant, and plaintiff alone appeals. Affirmed.

Lee R. York, of Abilene, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

HICKMAN, C. J. Appellant filed suit in trespass to try title against appellee railway company to recover the title and possession of a small tract of land which was originally a part of the right of way of the railway company in the city of Abilene; appellant's claim of title being based upon the 10 years' statute of limitation (Vernon's Ann. Civ. St. 1925, art. 5510). The railway company pleaded not guilty. J. M. Wagstaff intervened in the suit, claiming the strip of land sued for, alleging that prior to the commencement of the suit he had purchased this land from appellant, and by mistake it was not included in his deed. It appears from the statement of facts that for many years appellant had owned about three-fourths of an acre of land adjoining the railway company's right of way on the north; that the fence inclosing appellant's land also inclosed a small strip of the right of way. J. M. Wagstaff was the attorney for the railway company and also for the West Texas Utilities Company, and was a director in the latter company. Prior to the commencement of this suit the West Texas Utilities Company purchased from appellant the three-fourths acre of land owned by him, taking title thereto in the name of J. M. Wagstaff. The purpose of the plea of intervention seems to have been to reform the deed from appellant to the intervener, and recover of appellant the strip of land which was originally a part of the right of way, in the event that appellant should be successful in recovering said strip from the railway company.

The case was submitted to the jury on special issues, the first of which, together with the answer of the jury thereto, being as follows:

"Question No. 1: Did the plaintiff have peaceable and adverse possession of the land in question, cultivating, using, and enjoying the same for 10 years next preceding the filing of this suit, to wit, the 6th day of December, A. D. 1926? Answer: No."

Upon the verdict judgment was rendered that appellant take nothing by his suit for the lands described in his petition, and that intervener, J. M. Wagstaff, take nothing by reason of his plea of intervention. From this judgment, Haworth has appealed.

[1, 2] The brief contains thirteen propositions. All of them, except the eighth, tenth, and thirteenth, relate to the pleadings and evidence of the intervener. A large section of the brief is devoted to an argument that it was error for the court to grant J. M. Wagstaff leave to intervene. We find no objection

made by appellant to the granting of this right, and no exception taken to the order of the court in so doing. A number of the propositions relate to the sufficiency of the allegations of the plea of intervention and to the admissibility of evidence in support thereof. Since no relief was granted the intervener, and since appellant's case against the railway company was not in any wise effected by any of the evidence offered by the intervener and complained off by appellant, no possible harm could have resulted to appellant by the rulings of the court on the demurrers to intervener's petition and the admission of evidence offered by intervener in support thereof. All assignments relating to questions between appellant and intervener are therefore overruled.

Proposition No. 8 presents the contention that there was no evidence whatsoever supporting the finding of the jury in answer to special issue No. 1. This proposition and the assignment to which it is germane do not raise the question of the preponderance of the evidence, but raise only the question whether there was any evidence. Hall Music Co. v. Robinson et al. (Tex. Com. App.) 1 S. W.(2d) 857.

[3] We have examined the statement of facts, and find that there is some evidence supporting this finding of the jury; in fact, the evidence is sufficient to sustain the finding had it been attacked as being against the great weight and preponderance of the evidence. True appellant testified that he had been in possession of this land under an adverse claim of ownership for more than 10 years, but since he was an interested witness, his testimony cannot be taken as conclusive of the matter, but must be regarded only as raising an issue of fact.

[4] By his tenth proposition, based upon his sixth assignment of error, appellant presents that the court erred in allowing the attorney for appellee and intervener to propound this question to appellant on cross-examination: "And you have never paid any taxes on it, have you?" The contention is that, since the plaintiff was asserting title under the 10 years' statute of limitation, the fact of the payment of, or the failure to pay, taxes is not

admissible to prove or negative adverse possession. In support of this contention appellant cites the following cases: Houston Oil Co. v. Holland (Tex. Civ. App.) 196 S. W. 668; Gotoskey v. Grawinder (Tex. Civ. App.) 158 S. W. 250; Wier Lbr. Co. v. Conn. (Tex. Civ. App.) 156 S. W. 276.

We do not understand these authorities to sustain the proposition of appellant. The first case cited expressly holds that such evidence is admissible and proper, but not conclusive. The second case cited condemns a charge which made the payment of taxes regularly for 10 years one of the requisites to support a plea of limitation based upon the 10 years' statute. That case does not hold that evidence of failure to pay taxes is inadmissible. We are unable to find any discussion of the question at all in the third case cited by appellant. Upon the following authorities we think the question was a proper one: Webb v. Lyerla, 43 Tex. Civ. App. 124, 94 S. W. 1095; Harris v. Wagnon (Tex. Civ. App.) 148 S. W. 606; Houston Oil Co. of Texas v. Jones (Tex. Civ. App.) 161 S. W. 92; Nunez v. McElroy (Tex. Civ. App.) 174 S. W. 829; 2 C. J. § 612, p. 273.

However, in this case the bill of exceptions raising this question shows upon its face that no error was committed prejudicial to appellant, even if it was not permissible to prove that appellant had not paid the taxes on the land. The answer of appellant to the question was, in substance, that he had paid the taxes. The inquiry was not further pursued, and there was no evidence offered to disprove this fact. Appellant, therefore, got the benefit of making proof of the fact that he had paid taxes on the land. No possible harm could have come to him by the opportunity thus afforded him to so testify.

[5] The thirteenth proposition of appellant's brief is not followed by any statement, argument, or authorities. It is based upon the alleged admission of improper evidence, but there is no showing of any objection by appellant to its admission. This proposition cannot therefore be considered.

Finding no error in the judgment of the lower court, it is our order that same be affirmed.